John Ksajikian, Esq.
State Bar No. 220606
**KSAJIKIAN LAW FIRM**
100 North Brand Blvd., Suite 600
Glendale, CA  91203
Telephone:     (818) 924-4222
Facsimile:     (818) 924-4261
E-mail:        john@ksajikianlaw.com

Attorney for Plaintiff,
ANTHONY GUZMAN, and the Putative Class

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| ANTHONY GUZMAN, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> MARKET REFRIGERATION SPECIALISTS, INC.; WILLIAM T. BADGER; and DOES 1 to 100, Inclusive, <br><br> Defendants. | Case No.  5:14-CV-1653 <br><br> **COMPLAINT FOR DAMAGES** <br><br> CLASS ACTION AND REPRESENTATIVE ACTION <br><br> 1. **Failure To Pay Overtime (Fair Labor Standards Act, 29 U.S.C. § 201 _et seq._)** <br><br> 2. **Failure To Pay Overtime (Cal. Lab. Code §§ 510, 1194, 1198)** <br><br> 3. **Failure To Pay Minimum Wage (Cal. Lab. Code §§ 510, 1194, 1198)** <br><br> 4. **Failure To Provide Meal and Rest Periods (Cal. Lab. Code §§ 226.7, 512)** <br><br> 5. **Failure To Pay All Wages Upon Termination (Cal. Lab. Code § 203)** <br><br> 6. **Unlawful and/or Unfair Business Practices (Cal. Bus. & Prof. Code § 17200 _et seq._)** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Anthony Guzman ("Plaintiff"), on behalf of himself and all others similarly situated, by and through the undersigned counsel, files this class and representative action against Market Refrigeration Specialists, Inc. ("Market"), its owner and day-to-day manager William T. Badger ("Badger") and DOES 1 to 100, Inclusive (collectively "Defendants"), and alleges as follows:

**INTRODUCTION**

1.     Plaintiff worked more than forty (40) hours in a workweek as an hourly-paid employee for Defendant.

2.     Defendant Market is a service provider of refrigeration and HVAC systems for various customers throughout Southern California.  Defendant Badger is the owner and day-to-day manager of Defendant Market.

3.     Defendants contract with companies such Albertsons, Target, Walmart and other grocery stores to provide repair and maintenance to their refrigeration units used to store food.

4.     Plaintiff was a non-exempt hourly-paid employee employed by Defendants. Plaintiff and Class Members were employed by Defendants as service technicians to repair and maintain their customers' machines.  Defendants paid Plaintiff and Class Members on an hourly basis.  Defendants have a written payroll policy and/or implemented practice of paying their service technicians different hourly rates of pay based on the shifts worked.  As detailed below, the manner in which Defendants paid their service technicians at different hourly rates depending on the time of day worked violates the FLSA and the California Labor Code.

5.     Defendants likewise did not pay overtime to other similarly situated hourly-paid workers employed by Defendants throughout Southern California.   Those other workers, hereinafter referred to as FLSA Class Members, should receive notice of their right to join this suit.

6.     Plaintiff, individually and on behalf of all others similarly situated, seeks to recover unpaid wages and other damages owed (1) under the Fair Labor Standards Act ("FLSA") as a 29 U.S.C. § 216 collective action, and (2) under the California Labor Code, Business and

Professions Code and any applicable Wage Orders as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## JURISDICTION

7.     This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1367.

## VENUE

8.     Venue is proper in the Central District of California because a substantial portion of the events forming the basis of this suit occurred in the Central District of California.

## INTRADISTRICT ASSIGNMENT

9.     A substantial part of the events or omissions which give rise to the claims occurred in Riverside County.

## PARTIES AND PERSONAL JURISDICTION

10.     Plaintiff Anthony Guzman is an individual residing in California.    Plaintiff's written consent form to this action is attached as Exhibit A to this Complaint.

11.     The Rule 23 **California Class Members** are all current and former non-exempt hourly paid service technicians who worked for Defendants in California at any time starting four years prior to the filing of this Complaint through the present.

12.     The **FLSA Class Members** are all current and former non-exempt hourly paid service technicians who worked at least one week for Defendants at any time starting three years prior to the filing of this Complaint through the present.

13.     Defendant Market Refrigeration Specialists, Inc. is a domestic for-profit corporation doing business in California.  This Defendant may be served with process by serving its registered agent as follows: William T. Badger at 1154 Bridgeport Road, Corona, California 92881, or wherever he may be found.

14.     Defendant William T. Badger is an individual working and residing in Riverside County, California.  He may be served process at his place of business 1154 Bridgeport Road, Corona, California 92881, or wherever he may be found.

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

15. This Court has personal jurisdiction over Defendant Market because it is a California corporation. This Court has personal jurisdiction over Defendant Badger because he is a resident of California. Defendants also purposefully availed themselves of the privileges of conducting activities in the state of California and established minimum contacts sufficient to confer jurisdiction over them. The assumption of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice and is consistent with the Constitutional requirements of due process.

16. Defendants have and continue to have continuous and systematic contacts with the state of California sufficient to establish general jurisdiction over said Defendants.

17. In particular, Defendants contract with residents and businesses in California for the services provided by its workforce. Defendants advertise in California. Defendants also maintain an office in Corona, California.

18. This cause of action arose from or relates to the contacts of Defendants with California residents, thereby conferring specific jurisdiction over Defendants as well.

19. This cause of action arose from or relates to work done in California for which Defendants owe earned wages.

20. In particular, Defendants employed California citizens and failed to pay them for hours worked in excess of forty (40) hours in accordance with the FLSA and the California Labor Code. This claim is based on the exact contact that Defendants have had with the forum state.

21. Furthermore, Defendants engaged in activities constituting business in the state of California in that Defendants contracted with California residents, performance of the agreements with its customers in whole or in part thereof was to occur in California and Defendant recruits or have recruited California residents for employment inside or outside this state.

## **FLSA COVERAGE**

22. At all material times, Defendants have been an employer within the meaning of

section 3(d) of the FLSA.  29 U.S.C. § 203(d).

23.   At all material times, Defendants have been an enterprise within the meaning of section 3(r) of the FLSA.  29 U.S.C. § 203(r).

24.   At all material times, Defendants have been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA because Defendants have had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

25.   Defendant Market has an annual gross business volume of not less than $500,000.

26.   Defendants controlled the hours to be worked by Plaintiff and Class Members.

27.   Defendants provided training to Plaintiff and Class Members.

28.   Defendants directed the work of Plaintiff and Class Members.

29.   Defendants maintained communication with Plaintiff and Class Members and received updates as to the status of their work.

30.   Defendants provided direction on how each assigned task was to be performed by Plaintiff and Class Members.

31.   Defendant Badger is the owner and day-to-day manager of Defendant Market.

32.   Defendant Badger has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the business checking accounts, including payroll accounts, and the authority to make decisions regarding employee compensation and capital expenditures.

33.   As such, Defendant Badger is the employer of the Plaintiff and the Class Members within the meaning of 3(d) of the FLSA, and therefore is jointly and severally liable for all damages.

### FACTS

34.   Defendants are a service provider of refrigeration and HVAC systems for various customers throughout Southern California.

35.     Defendants contract with companies such as Albertsons, Target, Walmart and other grocery stores to provide repair and maintenance to their refrigeration units used to store food.

36.     Defendants employ service technicians to provide these services for their customers in each of those states.

37.     Defendants do not have any written employment contract with any of their service technicians.

38.     Defendants do not have any oral employment contract with any of their service technicians.

39.     Defendants do not have a collective bargaining agreement with any of their service technicians.

40.     Plaintiff Anthony Guzman was a non-exempt hourly-paid employee employed by Defendants to work in California.

41.     Plaintiff worked for Defendants in California from approximately July of 2011 to September 2013.

42.     Plaintiff was given the job title of service technician by Defendants.

43.     Plaintiff's primary job duty was to repair and maintain Defendants' customers' refrigeration machines.

44.     Plaintiff was treated and held out by Defendants as an employee and he performed job duties which reflected such status.

45.     Although Defendants required Plaintiff to work more than forty (40) hours per workweek, which he did frequently, Defendants did not compensate him at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) per workweek.  That is, Defendants did not compensate Plaintiff for overtime hours at the appropriate rate.

46.     Defendants maintained a written payroll policy and/or implemented practice of paying their service technicians different hourly rates of pay based on the shifts worked.

47. Defendants improperly treated these higher hourly rates as premium overtime pay to satisfy its legal obligation to pay overtime under the FLSA.

48. For example, Defendants paid Plaintiff a regular hourly rate of $35 during much of his employment.   When Plaintiff worked any hours between Monday and Friday after 6:00 PM and before 6:00 AM, Defendants paid him $52.50 per hour.  Defendants paid Plaintiff $52.50 per hour even when he did not work any other hours on the same work day.  The higher rate of pay was not contingent upon any other hours having been worked on the same work day.  The higher rate of pay was not contingent upon any other hours having been worked in the same workweek. As such, the higher rate of pay for the evening shift was a shift differential.

49. The FLSA and the California Labor Code both require that in such a situation, the true hourly rate is a weighted average between the shift differentials.

50. Defendants used a similar pay policy for each of their many other service technicians.

51. Defendants also denied Plaintiff and Class Members compensation for other time worked.  Specifically, Defendants failed to compensate them for attending mandatory meetings, "on-call" time in the evenings and weekends, work done at home researching particular customer problems and troubleshooting, ordering parts, talking to customers, communicating with supervisors and other technicians, sending and responding to emails, and other required activities that formed part of their principal job.

52. No FLSA exemption applies to hourly-paid employees such as Plaintiff.

53. Plaintiff was a non-exempt employee entitled to overtime wages under the FLSA.

54. Despite these facts, Defendants failed to pay Plaintiff and Class Members at the federally mandated rate of time and a half for overtime worked as statutorily required of an employer pursuant to the FLSA.

55. Defendants' method of paying Plaintiff and Class Members in violation of the FLSA was willful, and was not based on a good faith nor a reasonable belief that their conduct complied with the FLSA.

## **COLLECTIVE ACTION ALLEGATIONS**

56.     Plaintiff has actual knowledge that the FLSA Class Members have also been denied overtime pay for hours worked over forty (40) per workweek.  Plaintiff worked with other hourly-paid employees of Defendants, and as such, has personal knowledge of their existence, status as Defendants' employees, hourly pay compensation scheme, and the overtime violations.

57.     Other employees similarly situated to Plaintiff worked for Defendants in a similar capacity and were not paid overtime at the rate of one and one-half their regular rate when those hours exceeded forty (40) hours per workweek.

58.     Defendants have employed more than 50 such employees who worked in California during the last three years who were paid an hourly rate.

59.     Such workers worked more than 40 hours per week during at least one week in the last three years.

60.     Such workers were at times not compensated at all for work in excess of forty (40) hours in a workweek.

61.     Although Defendants permitted and/or required the FLSA Class Members to work in excess of forty (40) hours per workweek, Defendants have denied them any compensation for their hours worked over forty (40).

62.     FLSA Class Members perform or have performed the same or similar work as Plaintiff.

63.     FLSA Class Members regularly work or have worked in excess of forty (40) hours during a workweek.

64.     All such service technicians are hourly-paid and are classified by Defendants as non-exempt.  Moreover, all such service technicians are subject to the same payroll policies of failing to use the weighted average of all regular hourly rates applied to determine each service technician's overtime rate.

65.     The policy of illegally treating the higher hourly rates as premium overtime pay in violation of the FLSA is universal across the defined FLSA Class and forms the basis of the overtime violation.

66.     FLSA Class Members are not exempt from receiving overtime pay under the FLSA.

67.     As such, FLSA Class Members are similar to Plaintiff in terms of pay structure and/or the denial of overtime.

68.     Defendants' failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the FLSA Class Members.

69.     The experiences of Plaintiff, with respect to his pay, are typical of the experiences of the FLSA Class Members.

70.     The specific job titles or precise job responsibilities of each FLSA Class Member does not prevent collective treatment.

71.     All FLSA Class Members, irrespective of their particular job requirements, are entitled to overtime compensation at the rate of time and a half for hours worked in excess of forty (40) during a workweek.

72.     Although the exact amount of damages may vary among FLSA Class Members, the damages for the Class Members can be easily calculated by a simple formula.  The claims of all FLSA Class Members arise from a common nucleus of facts.     Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all FLSA Class Members.

73.     As such, the "FLSA Class" of similarly situated Plaintiffs is properly defined as follows:

> **The FLSA Class Members are all current and former non-exempt hourly paid service technicians who worked at least one week for Defendants at any time starting three years prior to the filing of this Complaint through the present.**

1

## CALIFORNIA CLASS ALLEGATIONS

74.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

75.     Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the "California Class," which is comprised of:

> **All current and former non-exempt hourly paid service technicians who worked for Defendants in California at any time starting four years prior to the filing of this Complaint through the present.**

76.     Numerosity.    The number of members in the California Class is believed to exceed 50.   This volume makes bringing the claims of each individual member of the class before this Court impracticable.   Likewise, joining each individual member of the California Class as a plaintiff in this action is impracticable.   Furthermore, the identity of the members of the California Class will be determined from Defendants' records, as will the compensation paid to each of them.   As such, a class action is a reasonable and practical means of resolving these claims.  To require individual actions would prejudice the California Class and Defendants.

77.     Typicality.   Plaintiff's claims are typical of the California Class because like the members of the California Class, Plaintiff was subject to Defendants' uniform policies and practices and was compensated in the same manner as others in the California Class.   Defendants failed to pay non-exempt employees overtime compensation for all of their hours worked, including overtime hours.  All members of the California Class worked substantially more than eight (8) hours in a day and forty (40) hours in a week.  Plaintiff and the California Class were paid at hourly rates below the correctly calculated overtime rate for hours worked over forty (40) in a workweek and over eight (8) in a work day.   Plaintiff and the California Class have been uncompensated and/or under-compensated as a result of Defendants' common policies and practices which failed to comply with California law.

78.     Adequacy.    Plaintiff is a representative party who will fairly and adequately protect the interests of the California Class because it is in his interest to effectively prosecute the claims herein alleged in order to obtain the unpaid wages and penalties required under California

law.  Plaintiff has retained attorneys who are competent in both class actions and wage and hour litigation.  Plaintiff does not have any interest which may be contrary to or in conflict with the claims of the California Class he seeks to represent.

79.    Commonality.  Common issues of fact and law predominate over any individual questions in this matter.  The common issues of fact include, but are not limited to:

a.    Whether Plaintiff and the California Class worked more than eight (8) hours in a day and/or worked more than forty (40) hours in a workweek;

b.    Whether Defendants failed to pay Plaintiff and the California Class overtime wages for all hours worked over eight (8) hours in a day and/or forty (40) hours in a workweek;

c.    Whether Defendants failed to pay for all hours worked;

d.    Whether Defendants failed to pay Plaintiff and the California Class the correctly calculated overtime wage for hours worked;

e.    Whether Defendants failed to pay Plaintiff and the California Class all of their wages earned and due upon the termination of their employment; and

f.    Whether Defendants failed to provide or authorize meal periods and rest periods for Plaintiff and the California Class.

80.    The common issues of law include, but are not limited to:

a.    Whether the higher hourly pay rate is a shift differential that should have been calculated in the regular rate of pay;

b.    Whether Defendants can claim an exemption for Plaintiff and the California Class;

c.    Whether Plaintiff and the members of the California Class, who are no longer employed by Defendants, are entitled to waiting time penalties for Defendants' failure to pay all of their wages upon termination of their employment;

d.    Whether Defendants' policies and practices provide and authorize meal

1    and rest periods in compliance with California law;

2           e.      Whether Plaintiff and the California Class are entitled to compensatory

3    damages;

4           f.      The proper measure of damages sustained by Plaintiff and the California

5    Class; and

6           g.      Whether Defendants' actions were "willful."

7           81.    <u>Superiority</u>.  A class action is superior to other available means for the fair and

8    efficient adjudication of this lawsuit.  Even in the event any member of the California Class

9    could afford to pursue individual litigation against companies the size of Defendants, doing so

10   would unduly burden the court system.   Individual litigation would magnify the delay and

11   expense to all parties and flood the court system with duplicative lawsuits.   Prosecution of

12   separate actions by individual members of the California Class would create the risk of

13   inconsistent or varying judicial results and establish incompatible standards of conduct for

14   Defendants.

15          82.    A class action, by contrast, presents far fewer management difficulties and affords

16   the benefits of uniform adjudication of the claims, financial economy for the parties, and

17   comprehensive supervision by a single court.   By concentrating this litigation in one forum,

18   judicial economy and parity among the claims of individual California Class Members are

19   promoted.   Additionally, class treatment in this matter will provide for judicial consistency.

20   Notice of the pendency and any resolution of this action can be provided to the California Class

21   by mail, electronic mail, print, broadcast, internet and/or multimedia publication.  The identity of

22   members of the California Class is readily identifiable from Defendants' records.

23          83.    This type of case is well-suited for class action treatment because:    (1)

24   Defendants' practices, policies, and/or procedures were uniform; (2) the burden is on Defendants

25   to prove they properly compensated their employees including any potential exemptions that

26   might apply; and (3) the burden is on Defendants to accurately record hours worked by

27   employees and meal periods taken.

28

84.     Ultimately, a class action is a superior form to resolve the California claims detailed herein because of the common nucleus of operative facts centered on the continued failure of Defendants to pay Plaintiff and the California Class according to applicable California laws.

**FIRST CAUSE OF ACTION**

**Failure to Pay Overtime**

**(Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.*)**

**On Behalf of Plaintiff and the FLSA CLASS**

85.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

86.     At all relevant times, Defendants has been, and continues to be, an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.   At all relevant times, Defendants has employed and continues to employ, employees, including Plaintiff and the FLSA Class.   At all relevant times, upon information and belief, Defendants have had gross operating revenues in excess of $500,000.

87.     The FLSA requires each covered employer such as Defendants to compensate all non-exempt employees at a rate of not less than one-and-a-half times their regular rate of pay for work performed in excess of forty (40) hours in a workweek.

88.     Plaintiff and the FLSA Class were entitled to be paid overtime compensation for all overtime hours worked at the rate of one and one-half times their regular rate of pay.

89.     At all relevant times, Defendants required Plaintiff and the FLSA Class to work in excess of forty (40) hours per workweek.   Despite the hours worked by them, Defendants willfully, in bad faith, and in knowing violation of the FLSA, failed and refused to pay Plaintiff and the FLSA Class the appropriate overtime wages for all compensable time worked in excess of forty (40) hours per workweek.   By failing to compensate Plaintiff and the FLSA Class at a rate of not less than one-and-a-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendants have violated the FLSA, 29 U.S.C. § 201 *et seq.*,

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1  including 29 U.S.C. § 207(a)(1) and § 215(a).

2      90.    By failing to accurately record, report, and/or preserve records of hours worked

3  by Plaintiff and the FLSA Class, Defendants have failed to make, keep, and preserve records

4  with respect to each of its employees sufficient to determine their wages, hours, and other

5  conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 210 *et seq.*,

6  including 29 U.S.C. § 211(c) and § 215(a).

7      91.    Plaintiff, on behalf of himself and the FLSA Class, seeks recovery of their

8  damages, unpaid wages and unpaid overtime pay.

9      92.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA,

10  within the meaning of 29 U.S.C. § 255(a).

11      93.    Plaintiff, on behalf of himself and the FLSA Class, seeks recovery of his

12  attorneys' fees and costs to be paid by Defendant, as provided for by 29 U.S.C. § 216(b).

13      94.    Plaintiff, on behalf of himself and the FLSA Class, seeks recovery of liquidated

14  damages.

15      95.    As a result of Defendants' willful and unlawful failure to pay Plaintiff all of his

16  earned overtime wages, Plaintiff is entitled to recover his unpaid overtime wages, costs and

17  reasonable attorneys' fees, and the relief requested below in the Prayer for Relief.  Plaintiff, on

18  behalf of himself and the FLSA Class, seeks damages in the amount of their respective unpaid

19  overtime compensation, liquidated damages from three years immediately preceding the filing of

20  this action, plus interest and costs as allowed by law, pursuant to 29 U.S.C. §§ 216(b) and 255(a),

21  and such other legal and equitable relief as the Court deems just and proper.

22  <u>**SECOND CAUSE OF ACTION**</u>

23  **Failure to Pay Overtime**

24  **(California Labor Code §§ 510 and 1194)**

25  **On Behalf of Plaintiff and the California Class**

26      96.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

27      97.    At all relevant times, Defendants were required to compensate their non-exempt

28

employees for all hours worked.  Since at least four years prior to this lawsuit being filed to the present, Defendants were required to compensate all of its employees for all overtime worked, at one-and-a-half times their regular rates of pay for hours worked in excess of eight (8) hours per day or forty (40) hours per workweek, and double-time for hours worked in excess of twelve (12) hours per day.  Defendants were also required to pay one-and-a-half times the regular rate for the first eight (8) hours worked on the seventh day of a workweek.

98.     Defendants routinely required Plaintiff and the California Class to work in excess of eight (8) hours per day or forty (40) hours per workweek and work on the seventh day of a workweek.  Despite the provisions of California's overtime law, Defendants have willfully failed and refused to pay the California Class, including Plaintiff, overtime wages for any of the overtime hours they worked since four years prior to this lawsuit being filed.

99.     The California Class, including Plaintiff, has been deprived of their rightfully earned overtime wages as a direct and proximate result of Defendants' failure and refusal to pay such compensation.

100.    Defendants' conduct violates California Labor Code §§ 510 and 1194.  Therefore, pursuant to California Labor Code § 1194, the California Class, including Plaintiff, are entitled to recover, and seek to recover, damages for the nonpayment of overtime wages for all overtime hours worked in excess of eight (8) hours per day, in excess of forty (40) hours per workweek, for the first eight (8) hours worked on the seventh day of a workweek, and double-time pay for the hours worked in excess of twelve (12) in a day in addition to interest on such amounts pursuant to California Labor Code § 1194, plus reasonable attorneys' fees and costs of suit, and the relief requested below in the Prayer for Relief.

## THIRD CAUSE OF ACTION

### Failure to Pay Minimum Wage

### (California Labr Code §§ 1182.12, 1194, 1197, 1194.2, and 1198)

### On Behalf of Plaintiff and the California Class

101.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

102.    At all relevant times, Plaintiff and the California Class earned "wages" for labor or services rendered to Defendants within the meaning of California Labor Code § 200(a) and/or "hours worked" within the meaning of the applicable Wage Order of the Industrial Wage Commission.

103.    Employers are required to pay their employees for all hours worked.  During all relevant times, Defendants engaged in a widespread pattern and practice of failing to pay Plaintiff and the California Class minimum wage for all the hours they worked and/or were subject to Defendants' control.  Defendants improperly withheld, deducted, and/or refused to pay wages for hours that Plaintiff and the California Class worked performing their duties for Defendants.

104.    Defendants' conduct deprived Plaintiff and the California Class of full and timely payment for all hours worked in violation of the California Labor Code.

105.    Defendants did not pay Plaintiff and the California Class for all hours worked and did not pay Plaintiff and the California Class the requisite minimum wages in violation of California Labor Code §§ 1182.12, 1194, 1197 and/or 1198.

106.    Pursuant to California Labor Code § 1194.2, employers such as Defendants who fail to pay an employee at least the minimum wage for all hours worked shall be liable to the employee for liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

107.    As a result of Defendants' willful and unlawful failure to pay Plaintiff and the California Class their earned wages, Plaintiff and the California Class are entitled to recover their unpaid wages, liquidated damages, costs and reasonable attorneys' fees, and the relief requested below in the Prayer for Relief.

///

///

///

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1

**FOURTH CAUSE OF ACTION**

2

**Failure to Provide Meal and Rest Periods**

3

**(California Labor Code §§ 226.7 and 512 *et. seq.*)**

4

**On Behalf of Plaintiff and the California Class**

5

108.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

6

109.    California Labor Code requires employers to provide a 30-minute net meal period

7

if the employee works more than five hours per day.  *See* Cal. Lab. Code § 512.  The California

8

Labor Code also requires employers to provide a 10-minute net rest period for each four-hour

9

period worked, or major fraction thereof.

10

110.    Defendants violated the meal and rest period laws by forcing Plaintiff and the

11

members of the California Class to work through long hours without the required meal and rest

12

periods.  Specifically, Defendants refused to permit Plaintiff and the California Class to enjoy an

13

uninterrupted 30 meal period when they worked more than 5 hours in a day.  Defendants' policy

14

was to forbid Plaintiff and the California Class to eat on the job, instead any meals were required

15

to be taken driving between jobs.  That is, Plaintiffs were not fully relieved of all work-related

16

duties for their required meal periods.

17

111.    Plaintiff and the members of the California Class sue for all damages allowed

18

under the law including payment of one additional hour of pay at the employees' regular rate of

19

pay for each such violation.  *See* Cal. Lab. Code § 226.7.

20

**FIFTH CAUSE OF ACTION**

21

**Failure to Pay All Wages Upon Termination**

22

**(California Labor Code §§ 201, 202, 203, and 256)**

23

**On Behalf of Plaintiff and the California Class**

24

112.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

25

113.    California Labor Code § 201 provides that any discharged employee is entitled to

26

all wages due at the time of discharge.

27

28

114.    Where an employer willfully fails to pay discharged or resigning employees all wages due as required under the California Labor Code, the employer is liable to such employees under California Labor Code § 203 for waiting time penalties in the amount of one (1) day's compensation at the employees' regular rate of pay for each day the wages are withheld, up to thirty (30) days.

115.    During all relevant times, Defendants knowingly and willfully violated California Labor Code §§ 201 and 202 by failing to pay Plaintiff and members of the California Class who are no longer employed by Defendants all wages owed as alleged herein.   Defendants are therefore liable to Plaintiff and members of the California Class who are no longer employed by Defendants for waiting time penalties as required by California Labor Code § 203.

116.    Plaintiff, individually and on behalf of the members of the California Class who are no longer employed by Defendants, respectfully request that the Court award all waiting time penalties due, and the relief requested below in the Prayer for Relief.

### SIXTH CAUSE OF ACTION

**Unlawful and/or Unfair Competition Law Violations**

**(California Business & Professions Code § 17200 *et. seq.*)**

**On Behalf of Plaintiff and the California Class**

117.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

118.    California Business & Professions Code § 17200 *et seq*. prohibits unfair competition in the form of any unlawful, unfair, deceptive, or fraudulent business practices.

119.    Plaintiff brings this cause of action individually and as a representative of all others subject to Defendants' unlawful acts and practices.

120.    During all relevant times, Defendants committed unlawful, unfair, deceptive, and/or fraudulent acts as defined by California Business & Professions Code § 17200.  Defendants' unlawful, unfair, deceptive, and/or fraudulent business practices include, without limitation, failing to pay overtime wages, failing to pay minimum wages, failing to provide and authorize

1    mandated meal and rest periods, and failing to pay all wages upon termination in violation of

2    California law.

3        121.    As a result of this unlawful and/or unfair and/or fraudulent business practice,

4    Defendants reaped unfair benefits and illegal profits at the expense of Plaintiff and the California

5    Class.  Defendants must disgorge these ill-gotten gains and restore to Plaintiff and the California

6    Class all wrongfully withheld wages, including, but not limited to minimum wages and overtime

7    compensation.

8        122.    Plaintiff, individually and on behalf of the members of the California Class,

9    respectfully request that judgment be awarded in their favor to provide restitution and interest,

10   and the relief requested below in the Prayer for Relief.

11                                **PRAYER FOR RELIEF**

12       Plaintiff, on behalf of himself and all of the FLSA Class Members and the California

13   Class Members, pray for relief as follows:

14       1.    Certifying that this action may proceed as a collective action and class action;

15       2.    Declaring that Defendants' policies and/or practices of failing to pay overtime

16       wages, to pay minimum wages, to provide and authorize meal and rest periods, and to

17       pay all wages earned upon termination of employment to the California Class violate

18       California law;

19       3.    Declaring that Defendants' above-mentioned policies and/or practices violate

20       California Business and Professions Code § 17200 *et seq.*;

21       4.    Declaring that Defendants' policies and/or practices of failing to pay overtime

22       wages to the FLSA Class Members violates the FLSA;

23       5.    Awarding damages, liquidated damages, restitution, and/or statutory penalties to

24       be paid by Defendants for the causes of action alleged herein;

25       6.    Awarding costs and expenses, including reasonable attorneys' fees and expert

26       fees, pursuant to 29 U.S.C. § 216, California Labor Code § 1194, California Code of

27       Civil Procedure § 1021.5, or as otherwise permitted by law; and

28

1    7.    Ordering such other and further legal and equitable relief the Court deems just,

2    necessary and proper.

3

4                                    KSAJIKIAN LAW FIRM

5    Dated: August 11, 2014              By: /s/  John Ksajikian

6                                            John Ksajikian, Esq.
                                             Attorney for Plaintiff and the Putative Class
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1

### **DEMAND FOR TRIAL BY JURY**

2

      Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, on behalf of

3

himself and all others similarly situated respectfully demands a trial by jury.

4

5

                                 KSAJIKIAN LAW FIRM

6

Dated:  August 11, 2014              By: /s/  John Ksajikian

7

                               John Ksajikian, Esq.

8

                               Attorney for Plaintiff and the Putative Class

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL